**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARY L. GOODMAN,
    Appellant,

   v.

DEPARTMENT OF VETERANS
  AFFAIRS,
    Agency.

DOCKET NUMBER
DC-0752-15-0552-I-1

DATE: August 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alfonzia Harvey, Jr.</u>, Fayetteville, North Carolina, for the appellant.

<u>Cedrick L. Wilson</u>, Winston Salem, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        Effective June 16, 2013, the agency appointed the appellant to an excepted service position as a Registered Nurse at the Fayettesville Veterans Affairs Medical Center under the appointing authority of Title 38.[2]  Initial Appeal File (IAF), Tab 9 at 25-26.  Her position was subject to a 2-year trial period. *Id.* Effective March 27, 2015, the agency terminated the appellant on the basis of her conduct during her trial period. *Id.* at 7-8.  The appellant timely appealed her termination to the Board and requested a hearing.  IAF, Tab 1.  The administrative judge notified her that the Board may not have jurisdiction over her appeal and ordered her to submit evidence and argument to prove jurisdiction. IAF, Tab 6; *see id.*, Tab 3.  In relevant part, the administrative judge explained that certain nonpreference eligible employees serving trial periods and those who have less than 2 years of current, continuous service in the same or similar

---

[2] The appointment Standard Form (SF) 50 reflects that the appointment was made under the authority of 38 U.S.C. § 7306.  IAF, Tab 9 at 25.  On April 24, 2015, the agency completed an SF-52 Request for Personnel Action correcting the appointing authority to 38 U.S.C. § 7401(1). *Id.* at 28.

positions, and Veterans Health Administration (VHA) professionals appointed under Title 38, are not employees within the Board's chapter 75 adverse action jurisdiction. IAF, Tab 6 at 1-2 (citing 5 U.S.C. §§ 7511(a)(1)(C), 7511(b)(10)). The appellant responded, in relevant part, that she believed that she had completed her trial period because her appointment was effective on March 21, 2013 (or three months earlier than her official starting date), when her friend, an agency employee, sent her a text message stating, "You basically have the job." IAF, Tab 7 at 4-5.

¶3 Without holding the requested hearing, the administrative judge issued an initial decision finding that the appellant was appointed to an excepted service position under 38 U.S.C. § 7401(1) and, therefore, was not an "employee" with Board appeal rights under chapter 75. IAF, Tab 10, Initial Decision (ID). The administrative judge also noted that the appellant failed to offer any legal support for her contention that she had completed her trial period based solely on her friend's text message about her supposed earlier appointment to the job and that, even if she had completed her 2-year trial period, the Board would still lack jurisdiction over her termination appeal because, as noted above, she was not an employee with Board appeal rights based on her appointment to the VHA under 38 U.S.C. § 7401(1). ID. The administrative judge thus dismissed the appeal for lack of jurisdiction. ID.

¶4 The appellant has filed a timely petition for review, wherein she alleges that she was appointed under the authority of 38 U.S.C. § 7306, as shown on the appointment SF-50, rather than 38 U.S.C. § 7401(1), as shown on the post-termination SF-52 correcting the appointment SF-50. Petition for Review (PFR) File, Tab 1 at 5-7. The agency responds that the appellant was appointed under 38 U.S.C. § 7401(1) and that, even if she were appointed under 38 U.S.C. § 7306, the Board would still lack jurisdiction over her termination appeal. PFR File, Tab 3.

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Only an "employee," as defined under 5 U.S.C. § 7511, can appeal to the Board from an adverse action. *See* 5 U.S.C. §§ 7511(a)(1), 7513(d). This right of appeal does not accrue to an individual "who holds a position within the [VHA] which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title." 5 U.S.C. § 7511(b)(10); *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 6 (2011).

¶6    On review, the appellant argues that, pursuant to the appointment SF-50, she was appointed under 38 U.S.C. § 7306 and so is an "employee" with Board appeal rights under 5 U.S.C. § 7511. PFR File, Tab 1 at 5-7. The appellant's argument, however, fails to establish the Board's jurisdiction over her termination appeal. First, although the SF-50 is the customary document used to memorialize a personnel action, it is not a legally operative document and is not controlling as to the nature of the employee's appointment. *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010). Here, despite the fact that the SF-50 indicated that she was appointed under section 7306, the respective statutes require a finding that she was appointed under section 7401(1). The appellant's position—Registered Nurse—is enumerated by statute in section 7401(1) and not in section 7306, which deals with the appointment of professionals to the Office of the Under Secretary of Health. *See* 38 U.S.C. §§ 7306, 7401(1). The appellant does not dispute that she was appointed as a Registered Nurse, nor does she allege that she was appointed to any of the positions enumerated in section 7306. *See* PFR File, Tab 1. Accordingly, we agree with the administrative judge that

the appellant was appointed under 38 U.S.C. § 7401(1).[3]  Further, the appellant does not challenge, and we discern no basis to disturb, the administrative judge's finding that an individual appointed under 38 U.S.C. § 7401(1) is not an "employee" with chapter 75 Board appeal rights.  *See* PFR File, Tab 1; *see also Davison*, 115 M.S.P.R. 640, ¶ 6.  Therefore, we affirm the initial decision finding that the Board lacks jurisdiction over the appellant's termination.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

---

[3] Even if the appellant was appointed under 38 U.S.C. § 7306, the Board still would lack jurisdiction over her termination appeal because individuals appointed to the VHA under section 7306 are likewise excluded from the definition of "employee" for purposes of chapter 75 appeal rights.  *See* 5 U.S.C. § 7511(b)(10).

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.